UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GARRY COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:14-cr-00018-DBH |
| | ) | 2:17-cv-00029-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Garry Collins moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 133.) Following a guilty plea, Petitioner was convicted of possession with intent to distribute 28 grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B). (Judgment, ECF No. 117 at 1.) The Court concluded Petitioner was a career offender and sentenced him to a term of 200 months in prison, to be followed by a term of eight years of supervised release. (*Id.* at 2-3; Sentencing Tr., ECF No. 126 at 16-18.)

Petitioner claims ineffective assistance based on counsel's alleged failure to persuade the Government to follow a Department of Justice policy memorandum; Petitioner contends that had the Government acted in accordance with the policy memorandum, the Government would not have filed an information charging a prior state court drug conviction, pursuant to 21 U.S.C. § 851, and consequently, Petitioner would not

have been subject to a career offender sentencing enhancement. (Motion at 4, 18; Information, ECF No. 87; Policy Memorandum, ECF No. 133-3.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In the written plea agreement, Petitioner agreed to affirm a prior state court conviction, set forth in an information filed pursuant to 21 U.S.C. § 851, of aggravated trafficking in scheduled drugs. (Plea Agreement, ECF No. 103 at 1-2.) Consistent with the plea agreement, Petitioner affirmed the prior aggravated trafficking conviction at sentencing. (Sentencing Tr. at 4-5.) The Court accepted the plea agreement, and recognized Petitioner was subject to a mandatory ten-year minimum prison term, pursuant to 21 U.S.C. § 841(b)(1)(B). (*Id.* at 28; Presentence Conf. Tr., ECF No. 125 at 4-5.) The Court sentenced Petitioner as a career offender, pursuant to USSG § 4B1.1, based on two prior convictions: (1) the uncontested prior drug conviction alleged in the section 851 information; and (2) a conviction, of criminal threatening with a dangerous weapon, that Petitioner unsuccessfully argued was not a "crime of violence" under USSG § 4B1.2.[1] (Sentencing Tr. at 16-17, 20.)

---

[1] The prison term of 200 months was below the advisory sentencing guidelines range. (Statement of Reasons, ECF No. 118 at 3.) The Court noted that had it not found Petitioner to be a career offender, the base offense level would have been 24 based on the drug quantity, but given Petitioner's career offender status, the offense level was 37, pursuant to USSG § 4B1.1. (Sentencing Tr., ECF No. 126 at 20.) The Court reduced the offense level by three to 34 for acceptance of responsibility, pursuant to USSG § 3E1.1. (*Id.*) Based on a total offense level of 34 and a criminal history category of VI, the Court determined the guidelines range to be 262-327 months. (*Id.* at 21.) The Court noted that it would have found a criminal

2

The First Circuit upheld the conviction and sentence on appeal, *United States v. Collins*, 811 F.3d 63 (1st Cir. 2016), and in May 2016, the Supreme Court denied certiorari, *Collins v. United States*, 136 S. Ct. 2397 (2016).

Petitioner placed his section 2255 motion in the prison mailing system in January 2017.[2]

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). The burden is on the petitioner to establish that he is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but

---

history category VI by totaling the criminal history points, had it not determined the same category under the career offender provision. (*Id.* at 20-21.)

[2] The Government concedes that Petitioner's 28 U.S.C. § 2255 motion was filed timely. (Response, ECF No. 142 at 1-2.)

3

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697. The Court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690).

### B. Claim of Ineffective Assistance Regarding Policy Memorandum

In *United States v. LaBonte*, 520 U.S. 751, 761-62 (1997), the Supreme Court addressed the issue of prosecutorial discretion as part of its analysis regarding the United States Sentencing Commission's task when establishing the guidelines:

> [R]espondents invoke the Commission's assertion that its amended commentary eliminates "unwarranted disparity associated with variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions." [59 Fed. Reg. 23608, 23609 (1994).] As we understand it, this argument posits that if the Government provides notice under § 851(a)(1) to one defendant, but not to another, the resulting difference in the maximum possible term is an "unwarranted disparity." Insofar as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors. Any disparity in the maximum statutory penalties between defendants who do and those who do not receive the notice is a foreseeable—but hardly improper— consequence of the statutory notice requirement.

*LaBonte*, 520 U.S. at 761–62 (citations and footnote omitted).

In *United States v. Paladin*, 748 F.3d 438 (1st Cir. 2014), the First Circuit held that *LaBonte* foreclosed an argument under 21 U.S.C. § 851: "Paladin contends that broad prosecutorial discretion results in the arbitrary and capricious application of sentencing enhancements under § 851(e). This argument . . . is foreclosed by binding precedent as the Supreme Court has reviewed and deemed constitutional the applicable practices under § 851." *Paladin*, 748 F.3d at 454 (citing *LaBonte*, 520 U.S. at 761-62).[3] The Sixth Circuit has noted that the policy memorandum at issue in Petitioner's section 2255 motion "is a guidepost for Department of Justice prosecutors in exercising prosecutorial discretion . . . ." *United States v. Nagy*, 760 F.3d 485, 490 (6th Cir. 2014). Petitioner's underlying argument thus fails because the Government's decisions with respect to the policy memorandum and whether to file a section 851 information are matters of prosecutorial discretion.

In addition, a Department of Justice policy memorandum does not confer any substantive rights on Petitioner: "[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party." *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990) (rejecting the argument that the prosecutor's failure to follow a Department of Justice policy conferred any right to relief). In *Craveiro*, the Court noted that the guideline at issue stated that "'a failure to comply is not intended to confer any rights on a defendant . . . .'" *Id.* (quoting guideline).

---

[3] Title 21 U.S.C. § 851(e), which was the provision at issue in *United States v. Paladin*, 748 F.3d 438, 454 (1st Cir. 2014), provides: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."

Similarly, the policy memorandum on which Petitioner relies states: "The policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding." (Policy Memorandum, ECF No. 133-3 at 2 n.2.) *See United States v. Barnes*, 730 F.3d 456, 459-60 (5th Cir. 2013) (per curiam) (addressing the same policy memorandum at issue in Petitioner's section 2255 motion, and noting that the memorandum expressly stated it did not confer any rights).

Because the underlying argument lacks merit, the ineffective assistance claim fails as well; in *United States v. Jabot*, 199 F.3d 1324 (2d Cir. 1999) (unpublished), the Second Circuit held that counsel "could not have provided ineffective assistance by failing to convince the government to file" a motion under the sentencing guidelines, because "[w]hether or not to file a motion pursuant to [the guideline at issue] rests entirely within the discretion of the government." *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam) ("Since [the petitioner's] claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail.").

In *Craveiro*, the First Circuit also rejected an equal protection claim that was based on selective enforcement. 907 F.2d at 264-65. "[T]o prevail on a claim of selective enforcement of a statute in violation of a defendant's constitutional right to equal protection, the defendant would have to show that his selection was 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* at 264-65 (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Petitioner alleges selective enforcement, but he does not allege in his section 2255 motion that his selection

was deliberately based on an arbitrary classification; rather, he contends that, based on the factors set forth in the policy memorandum, the Government should not have filed a section 851 information.[4] Consequently, to the extent Petitioner asserts a claim of ineffective assistance based on the failure to argue a violation of Petitioner's right of equal protection, the claim fails.

In sum, Petitioner's claim of ineffective assistance of counsel fails because the decision to file a section 851 information was a matter of prosecutorial discretion.[5] *See id.*

---

[4] The Court's sentencing findings reflect that had Petitioner raised the issue, the Court likely would have concluded that in Petitioner's case, the decision to file a section 851 information was based on Petitioner's history of violent criminal activity rather than on an arbitrary classification. *See United States v. Craveiro*, 907 F.2d 260, 264-65 (1st Cir. 1990). The First Circuit affirmed that the prior state court conviction of criminal threatening with a dangerous weapon was a crime of violence, for purposes of Petitioner's career offender status, under USSG § 4B1.2(a)(1), because the offense has as an element the threatened use of force. *United States v. Collins*, 811 F.3d 63, 66 (1st Cir. 2016). The Department of Justice policy memorandum states that "[t]he nature of the defendant's criminal history, including any prior history of violent conduct," was a factor for prosecutors to consider "[w]hen determining whether an enhancement is appropriate." (Policy Memorandum at 3.)

[5] Petitioner asserts new ineffective assistance arguments in his reply, based on each of the two offenses that served as predicates for Petitioner's career offender status. (Reply, ECF No. 143 at 1-3.)

Regarding the conviction of aggravated trafficking as a predicate offense, Petitioner contends counsel should have objected because cocaine base is not a controlled substance. (Reply at 1.) The claim lacks merit because cocaine base is listed in the sentencing guidelines as a controlled substance. *See* USSG § 2D1.1(c). Petitioner also relies on *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013), for his argument regarding the aggravated trafficking prior conviction. (Reply at 1.) *Mathis* and *Descamps* do not apply to a prior conviction for a controlled substance offence; rather, the issues in both cases pertained to the definition of "violent felony" for purposes of 18 U.S.C. § 924(e). *Mathis*, 136 S. Ct. at 2247-48; *Descamps*, 133 S. Ct. at 2281-82. Because the underlying claim fails on the merits, the ineffective assistance claim also fails. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Regarding the Court's decision that the conviction of criminal threatening with a dangerous weapon constituted a predicate offense, Petitioner alleges counsel failed to argue to the contrary. (Reply at 3.) In fact, counsel argued the point. (Sentencing Tr. at 12-15.) That the argument did not persuade the Court does not render counsel's performance deficient. *See Strickland v. Washington*, 466 U.S. 668, 699 (1984). Petitioner also contends he has a claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Reply at 3.) However, the argument is foreclosed by *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 892 (2017), in which the Supreme Court held that its holding in *Johnson* does not apply to the career offender guidelines. Furthermore, Petitioner's prior conviction was not determined to be a crime

7

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of September, 2017.

---

of violence under the guidelines provision that corresponds to the statutory provision the Supreme Court found unconstitutional in *Johnson*. (Sentencing Tr. at 17-18.)