# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:14-CR-18-DBH** |
| | ) | |
| **GARRY COLLINS,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## FURTHER ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

Because no timely objection had been filed, on October 2, 2017, I affirmed (ECF No. 145) the Magistrate Judge's recommended decision that the petitioner's request for relief under 28 U.S.C. § 2255 be denied. Thereafter on October 3, 2017, the petitioner did file an objection and asserted that it was timely filed (the Magistrate Judge's decision having reached him within the prison system only after delay). Pet'r Obj. at 1 (ECF No. 146). The government did not respond. I treat the petitioner's objection as timely and therefore **VACATE** my Order of October 2, 2017.

I have considered the substantive arguments that the petitioner asserts in his latest filing, and upon de novo review, I again **ADOPT** the Recommended Decision of the Magistrate Judge and conclude that an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. The

Magistrate Judge appropriately treated the arguments the petitioner made.[1]
Contrary to the arguments the petitioner asserts in his objection, the Magistrate
Judge ruled, and ruled correctly, on the new ineffective assistance arguments
the petitioner had made in his reply (ECF No. 143), concerning the predicates for
his career offender status. See Report & Recommended Decision at 7 n.5 (ECF
No. 144).[2] The petition for habeas relief is accordingly **DENIED**. No certificate of
appealability shall issue because there is no substantial showing of the denial of
a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 24TH DAY OF OCTOBER, 2017**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The failure of defense counsel to *persuade* a prosecutor to exercise her charging and sentencing discretion in a certain way, as petitioner complains (Pet'r Obj. at 2 (ECF No. 146)), is not the basis for an ineffective assistance claim, unlike a situation where defense counsel's complete failure to raise an issue in some circumstance may be, given that plea negotiations are a "critical stage" of criminal proceedings to which the Sixth Amendment applies. See Missouri v. Frye, 566 U.S. 134, 143 (2012) (holding that "defense counsel have responsibilities in the plea bargain process . . . that must be met to render the adequate assistance of counsel that the Sixth Amendment requires").

[2] I also deny his request in his objection (Pet'r Obj. at 2, ECF No. 146) to amend, at this late date, the claims in his petition. One of those claims appears to be that he was denied his right to appeal his conviction for criminal threatening with a dangerous weapon. But according to the Presentence Report to which he did not object, see Transcript of Sentencing Hearing at 4 (ECF No. 126), he pleaded Guilty to that offense, see ¶ 47, and thus there was no right to appeal his conviction.