UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:14-CR-18-DBH |
| | ) | |
| GARRY COLLINS, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION FOR STAY

The defendant has filed another "Objection to Magistrate Report and Recommendation" (ECF No. 148). The Clerk's Office has treated it as a motion to stay because within it the defendant again asks me to stay his case. I previously overruled his earlier Objection, see Further Order (ECF No. 147), which included a "Request to Amend 2255 Petition" with a motion to stay on the same ground (ECF No. 146 at 3). I see no reason to alter my earlier ruling.

This defendant was sentenced as a career offender under advisory Guidelines. After Beckles v. U.S., 137 S. Ct. 886 (2017), the principles of Johnson v. U.S., 135 S. Ct. 2551 (2015), that the Supreme Court may address in Dimiya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted sub. nom. Sessions v. Dimiya, 137 S. Ct. 31 (2016) (No. 15-1498), will not affect his career offender status. And the predicate conviction that concerns him (criminal threatening with a dangerous weapon, PSR ¶ 47) I found at sentencing to be a crime of violence under the force clause, not under the residuary clause.

Sentencing Tr. at 18 (ECF No. 126); see also U.S. v. Collins, 811 F.3d 63, 66 (1st Cir. 2016) (affirming this conclusion).

Finally, I do not know what the defendant is referring to when he says "it has been brought to my attention by my Case Manager he[re] at FCI Gilmer, that the State of Maine charge of Criminal Threatening with a dangerous Weapon (17 A.M.R.S. 209(1)) has been vacated, and therefore cannot be utilized as a qualifying predicate Offense for 4B1.1 (career Offender treatment).  See E.g., State of Maine Superior Court Docket Sheet. (Attached)."  Nothing was attached to the document the defendant filed, and I am unaware that his state conviction was vacated or why it would be at this late date.[1]  The motion to stay is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 2ND DAY OF NOVEMBER, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] A review of the publicly accessible Cumberland County Superior Court docket (although the defendant did not attach it to his filing) shows that a probation revocation charge—based on the conviction and noted in PSR ¶ 47—was withdrawn in 2015 when he was remanded to federal custody.  See Docket Record at 8, Maine v. Collins (No. 12-6197).