# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Criminal No. 2:14-cr-18-DBH |
|  | ) |  |
| GARRY COLLINS, | ) |  |
|  | ) |  |
| Defendant | ) |  |

## ORDER ON DEFENDANT'S MOTION TO REOPEN
## 28 U.S.C. § 2255 PROCEEDINGS

The defendant has moved to reopen his Section 2255 proceedings. He asserts under Fed. R. Civ. P. 60(b) that my November 2, 2017, Order on Defendant's Motion for Stay was premature in ruling that Sessions v. Dimaya, 138 S. Ct. 1204 (2018), then not yet decided by the Supreme Court, would not help him, and that my ruling "violated the integrity of the 2255 proceedings." (ECF No. 150 at 1.)

What I said in that earlier Order was this:

> This defendant was sentenced as a career offender under advisory Guidelines. After Beckles v. U.S., 137 S. Ct. 886 (2017), the principles of Johnson v. U.S., 135 S. Ct. 2551 (2015), that the Supreme Court may address in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted sub. nom. Sessions v. Dimaya, 137 S. Ct. 31 (2016) (No. 15-1498), will not affect his career offender status. And the predicate conviction that concerns him (criminal threatening with a dangerous weapon, PSR ¶ 47) I found at sentencing to be a crime of violence under the force clause, not under the residuary clause. Sentencing Tr. at 18 (ECF No. 126); see also U.S. v. Collins, 811 F.3d 63, 66 (1st Cir. 2016) (affirming this conclusion).

(ECF No. 149 at 1-2) (spelling corrected).

Those statements remain correct even after the Supreme Court's decision in Dimaya. I sentenced this defendant as a career offender under Guideline 4B1.1 because I found when I sentenced him that his challenged predicate conviction was a crime of violence under the force clause, not the residual clause of the career offender provisions. Dimaya concerned a residual clause in a comparable statute, and its reasoning is not applicable to the force clause. Moreover, the First Circuit affirmed my decision that his conviction was a crime of violence under the force clause, United States v. Collins, 811 F.3d 63, 66 (1st Cir. 2016), and I therefore cannot alter that conclusion. The defendant seems to believe that the First Circuit's earlier decision in United States v. Fish, 758 F.3d 1 (1st Cir. 2014), makes that outcome wrong, see ECF No. 150 at 4, but I am bound by the Circuit's later decision in Collins.

Finally, this defendant was sentenced under advisory guidelines, and the Supreme Court decided in Beckles v. United States, 137 S. Ct. 886 (2017), that the residual clause problems it found in Johnson v. United States, 135 S. Ct. 2551 (2015), do not apply to career offender sentences under advisory guidelines. Dimaya does not alter Beckles.

For these reasons and without addressing the timeliness issues the government has raised in responding to the motion, I **DENY** the motion to reopen.

**SO ORDERED.**

**DATED THIS 19TH DAY OF SEPTEMBER, 2018**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**