UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:14-CR-18-DBH |
| ) | |
| GARRY COLLINS, ) | |
| ) | |
| DEFENDANT ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Once 30 days have passed from an imprisoned defendant's request to his Warden for compassionate release, the First Step Act of 2018 permits a court to reduce the sentence upon the defendant's motion "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if [the court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The defendant Garry Collins has met the 30-day requirement[1] and requests that I order him released from his incarceration at FCI Gilmer in Glenville, W. Va. He says his request is "due to [his] illness and the rapid spreading of the COVID-19 virus in our prison system." Def.'s Mot. at 1 (ECF No. 153). Referring to the CDC's recommended remedial measures of social

---

[1] The Department of Justice does not insist that a prisoner exhaust BOP appeal remedies. See Gov't's Resp. at 1, United States v. Faucette, No. 2:13-cr-79-DBH (D. Me. Aug. 5, 2020) (ECF No. 266).

distancing, frequent hand washing, and sterilization of surfaces, he says "In this facility, all these things are impossible.  We live in a 7x10 cell with another inmate.  No cleaning supplies or hand sanitation no where."  Id. at 2.  He also says that he is "at a higher risk of a grave outcome" if he contracts the coronavirus because he is 52, has "uncontrol[l]able hypertension[,] and ha[s] been exposed to tuberculosis."  Id.  He encloses the Warden's denial of his request for relief (ECF No. 153-1 at 1); a document showing he is eligible for home-detention release February 16, 2027, and outright release August 16, 2027, id. at 2; a document stating that "[d]ue to your blood pressure, you are still a care level 2,"[2] id. at 3; and documents reflecting his educational and behavioral progress, id. at 4-9.

I sentenced Collins on February 26, 2015, after he pleaded guilty to possessing cocaine with the intent to distribute it, an offense that carried a 10-year statutory minimum sentence given the quantity of illegal narcotics.  I found him to be a career offender with a guideline range of 262 to 327 months.  Tr. of Sentencing Hr'g at 20-21 (ECF No. 126).  I imposed a lower, "variant," sentence of 200 months in prison, just under 17 years.  Id. at 41.  I did not go lower than

---

[2] According to BOP, "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. . . .  Their medical and mental health conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. . . . Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time."  BOP, Care Level Classification for Medical and Mental Health Conditions or Disabilities 2 (May 2019), https://www.bop.gov/resources/pdfs/care_level _classification_guide.pdf.  Hypertension qualifies for level 2 if "Blood pressure [is] not at treatment goal with two or less medications OR . . .  [if] Blood pressure control requires three or more medications."  Id. at Appendix 2.

that (although his lawyer asked for 12 or 13 years, id. at 28) because, as I said to Collins in open court:

> sadly one of the things that jumps out, is unavoidable, is that you've been, well, the fancy word is recalcitrant, you've continued to offend over and over and over again. You really are a career offender. You seem to—either you refuse to or you're unable to comply with the law. You mentioned that maybe addiction had a role with it. I heard through [your lawyer] reporting from your former wife that maybe it was associations, people you were with. I don't know what the reasons are. But the point is it just continues again and again and again. And you're not a young man anymore, you're younger than I am, but you're not a young man in terms of criminal behavior. If people are going to change it's usually earlier than what you have done in terms of your continuance.
> So all of that gives me great concern and tells me that the statutory things that I mentioned like deterrence, protecting the public, respect for the law, the circumstances of the offense, the seriousness, all of those things call for a very high sentence. And when I look at the things that might argue to come down, there aren't a lot of them, sadly, because of all of the things that I've just mentioned.

Id. at 40-41.[3] The "statutory things" to which I was referring are the factors in 18 U.S.C. § 3553(a) that the First Step Act directs me to consider again in deciding whether extraordinary and compelling reasons warrant ending his time in prison.

They do not. Mr. Collins continues to pose a severe risk of re-offending and endangering the community. His age, hypertension, and exposure to tuberculosis are not enough to amount to extraordinary and compelling reasons

---

[3] The First Circuit affirmed the sentence on appeal. See United States v. Collins, 811 F.3d 63 (1st Cir. 2016).

that overcome those original and continuing reasons for his lengthy imprisonment.[4]

The motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 28TH DAY OF AUGUST, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] According to the BOP website summarizing COVID-19, at FCI Gilmer where Collins is housed there are 5 recovered inmates and one recovered staff member. It lists 0 for current inmates positive, current staff positive, inmate deaths, and staff deaths. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Aug. 26, 2020), https://www.bop.gov/coronavirus/.